Ruffin, Chief Justice.
 

 With every disposition to the contrary, we find ourselves obliged to hold the legacies in this will not to have been vested., There are no words of gift of the personalty, except by inference from the direction to divide. And as to the period of division, and consequently of gift, the will uses terms of strict condition: “
 
 at
 
 the time my daughter Sarah arrives to 15; and “
 
 when
 
 he or she shall receive, &c.”
 

 To take the case out of the well known general rule, several circumstances were relied on by the plaintiff’s counsel. It was first argued, that as immediate estates in the land- are
 
 *59
 
 devised, and as it and the negroes are to be hired out by the executors for the same period, and for the same purposes, the whole ought to be looked on alike, as having been given presently, but to be divided at the future day. But to that, we cannot accede. As to the land, it is given immediately— which shews the testator knew how to make such a gift when so minded; but it is not to be divided when Sarah shall be fifteen; for, the testator himself makes- the division between his daughters and his son; and, as to the tract given to the daughters, there is no period of division between them designated. But there is no gift of the personal estate, distinct from the provision for its division; which is to be made equally between all the children, and for the first time,
 
 at
 
 the time Sarah should be fifteen. We cannot, therefore, infer a gift before that time. Consequently, the legatees must be living at that time, so as
 
 then
 
 to answer the description of !£ children,” or they cannot take.
 
 Sansbury
 
 v. Read, 12 Ves.
 
 75
 
 —Ford v. Rawlins, 1 Sim. & Stu. 328.
 

 As the testator died without leaving a wife, and intended his children should share equally, or nearly so, in his personal estate, it is possible that he deemed it unnecessary to make an express bequest, and considered they would, by law, succeed immediately. If this was so, then his directions refer simply tó the enjoyment, and postpone the period for that, from considerations of convenience. But this can be nothing more than conjecture; and' we find no case that warrants a different construction of such expressions as are here used, when applied to legatees, who are or who are not the next of kin oí the testator.
 

 Nor have we any difficulty from the notion that, as to the share of one dying before Sarah’s age of 15, the testator is made to die intestate, though he intended the contrary. He is not intestate in that case. The gift is not to these persons nominatim, if living at Sarah’s arrival at fifteen;.but it is to the testator’s
 
 children
 
 as a class
 
 at
 
 that period. The will, then, disposes of the whole personal property, unless all the children should be dead before that period; and'in that event, there would be a total intestacy, or rather, the whole disposi
 
 *60
 
 tion would fail, because the testator did not contemplate that event and provide for it.
 

 nance win legacy vest, sorb the*" irhoie a-profit1 or if it be not re-that as the only fund.
 

 The provision for maintenance will not bring the case exception to thegeneral principle, which isfounded on a gift of the intermediate interest or profit to the same legatee, to whom the future legacy of the capital is given. That does not apply, if the maintenance is not to absorb the whole amount of profit; or if it be not restricted to that as only fund.
 
 Pulsford
 
 v. Hunter, 3 Bro. C. C. 416—
 
 Hanson
 
 v. Graham, 6 Ves. 249, 1 Rop. Leg. 497. Here the intermediate profits are not given to the children as dis^rom capital, nor for the purpose of maintenance, maintenance is merely
 
 a
 
 charge, which may not consume the profits; or, it may greatly exceed it; and, in that case, the capital must supply the deficiency. Besides, the maintenance itself was to cease upon, the marriage of a child before the division.
 

 Upon the whole, we can lay hold of nothing in the will to control the words of condition. The circumstance that the testator contemplated the marriage of one or more of his children, before Sarah’s age of fifteen; and that, notwithstanding such children would take nothing, in the event of their deaths before that period, although they
 
 might leave a
 
 child, had its weight, and induced us to pause in adopting the construction. But it is not sufficient of itself. It shews, either that the testator had an unnatural intention, or that he did not think of the death of a child leaving a child, before the day for division. The latter is the more probable; but in neither case would the Court be justified
 
 in
 
 rejecting his words, or refusing to cany into effect his intention, as collected from the established interpretation of his language. The opinion of the Court is, that only those children take who were living when Sarah would have been fifteen.
 

 Per Curíam Decree accordingly.