PAUL H. MITCHELL v. V. D. STRICKLAND and TALMAGE BAKER.

(Filed 10 October, 1934.)

1. **Bills and Notes H a: Fraud A a—Answer held to allege fraud rendering payee not a holder in due course and judgment on pleadings was error.**

   In an action by the payee of a negotiable note against the maker thereof and the endorser thereon before, delivery, the endorser alleged in his answer that he signed the note upon representations made by the maker that the payee was lending the money to the maker to finance the

equipment of a law office, that in fact the note was given to cover funds of the payee on deposit in a bank which had been wrongfully converted by the maker, who was cashier of the bank and in complete control of its affairs, and that the payee had full knowledge of, agreed to, and participated in the fraudulent scheme to procure the endorser to sign the note by such false representations: *Held*, the allegations in the answer were sufficiently broad to allege fraud on the part of both the maker and the payee inuring to the benefit of both, and upon the allegations of the answer the payee did not take the note "for good faith" and did not take it with "no notice of any infirmity" in the instrument, and therefore was not a holder in due course, C. S., 3033, and judgment on the pleadings against the endorser was error.

## 2. Pleadings I c—

A motion by plaintiff for judgment on the pleadings is in effect a demurrer to the answer, and the motion should be overruled if the answer, liberally construed, alleges facts sufficient to constitute a defense.

THIS is an appeal by the defendant Talmage Baker from a judgment upon the pleadings for the plaintiff against both defendants entered by *Barnhill, J.,* at April Term, 1934, of HERTFORD. Reversed.

*J. H. Matthews and E. L. Travis for appellant Baker.*
*Tyler & Cherry and A. T. Castelloe for appellee.*

SCHENCK, J. The plaintiff in his complaint alleges: (1) The residence of the parties; (2) that the defendant Strickland executed and delivered to the plaintiff for valuable consideration a note for $500.00, payable in 12 months after date; (3) that prior to the delivery and before maturity of said note the defendant Baker endorsed the same by signing his name across the back thereof, and that the plaintiff thereupon became the owner and holder in due course of said note; and (4) that said note is past due and unpaid, and demand for payment has been made and refused.

The defendant Talmage Baker in his answer (1) admits the residences as alleged; (2) admits that he endorsed a note for $500.00, but denies, for lack of information, that it was the note described in the complaint; (3) denies that the plaintiff is the owner and holder of the note in due course; and (4) admits demand for and refusal of payment of the note; and for a further answer avers that his codefendant Strickland was cashier and had the entire management and control of a bank in which the plaintiff had a deposit of some $7,500, and that the defendant Strickland had converted to his own use a large part of this deposit, and that the plaintiff had made demand upon the defendant Strickland to make such conversion good; and that in order to save the plaintiff from loss the defendant Strickland and the plaintiff entered into collusion to procure the defendant Baker to endorse the note of his co-

defendant Strickland to the plaintiff by falsely representing that the plaintiff had agreed to lend Strickland the amount of the note for the purpose of furnishing and equipping a law office, provided he could obtain the endorsement of the defendant Baker, and that both the plaintiff and Strickland knew at the time that the plaintiff had not promised to lend Strickland any money at all, and was not going to do so, and that the proceeds of the note were to be used, not to equip a law office, but were to reimburse the plaintiff for his losses due to the defalcation of Strickland; and that the defendant Baker's endorsement on said note was obtained by the wrongful, false, and fraudulent representations made to him by the defendant Strickland, and further avers that the plaintiff had full knowledge of, agreed to, and participated in said fraudulent scheme to procure the endorsement of the defendant Baker.

We are of the opinion that these averments constitute an allegation of fraud against the defendant Strickland, and that they also constitute an allegation of fraud against the plaintiff by reason of his collusive participation therein; and, further, that said averments show that the purpose of procuring the note by the fraudulent scheme alleged was to benefit the plaintiff as well as the defendant Strickland.

This Court, in *McNair v. Finance Company,* 191 N. C., 710 (715), quoted with approval the following: "Fraud may be defined as any trick or artifice where a person by means of false statements, concealments of material facts, or deceptive conduct which is intended to and does create in the mind of another an erroneous impression concerning the subject-matter of a transaction whereby the latter is induced to take action or forbears from acting with reference to a property or legal right he has which results to his disadvantage and which he would not have consented to had the impression in his mind not been created and in accordance with the real facts." We think that the averments in the answer clearly come within this exposition of fraud.

C. S., 3033, reads as follows: "A holder in due course is a holder who has taken the instrument under the following conditions: (1) That the instrument is complete and regular upon its face; (2) that he became the holder of it before it was overdue and without notice that it has been previously dishonored, if such was the fact; (3) that he took it for good faith and value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

If the plaintiff took the note in suit with knowledge of the fraudulent and false representations made by the defendant Strickland to his co-defendant Baker as averred in the answer, he could not have taken the instrument "for good faith," and could not have taken it with "no notice of any infirmity in the instrument," and therefore was not a holder in due course of said note, as alleged in his complaint.

" 'The plaintiff's motion for judgment upon the answer is, in effect, a demurrer to the answer, and can only prevail when the matters pleaded constitute an admission of plaintiff's cause of action or are insufficient as a defense, or constitute new matter insufficient in law to defeat plaintiff's claim.' *Pridgen v. Pridgen,* 190 N. C., 102.

"The answer of the appealing defendant must be construed liberally, which means that every reasonable intendment must be taken in favor of her, and if the answer contains facts sufficient to constitute a defense, it must be sustained. *Pridgen v. Pridgen, supra,* and cases there cited." *Bessire v. Ward,* 206 N. C., 858.

The plaintiff having been awarded judgment upon the pleadings in this action, the averments of the defendant Baker will be taken to be true on this appeal, and taking them as true, we are of the opinion that said defendant was entitled to have his averments of fraud, agreed to and participated in by the plaintiff for his own recoupment, submitted to the jury under a proper issue and charge.

Reversed.