RONALD E. FINCH, ADMINISTRATOR WITH THE WILL ANNEXED OF WILLIAM
 C. HONEYCUTT, DECEASED, v. GEORGIA GREER HONEYCUTT, WIDOW;
 WILLIAM C. HONEYCUTT, JR., A MINOR; NANCY ANN HONEYCUTT,
 A MINOR; JUDY GREER HONEYCUTT, A MINOR; AND KESTER WAL-
 TON AND GEORGIA GREER HONEYCUTT, TRUSTEES UNDER THE LAST
 WILL AND TESTAMENT OF WILLIAM C. HONEYCUTT, DECEASED.

(Filed 17 April, 1957.)

**1. Wills § 32—**

The presumption that testator did not intend to die intestate will be
employed as an aid in seeking to ascertain testator's intent.

**2. Wills § 33a—**

No particular form of expression is necessary to constitute a legal dispo-
sition of property by will, but the courts will give effect to the intent of
testator as gathered from the language used.

**3. Same—**

The doctrine of devise or bequest by implication obtains in this jurisdic-
tion, but is to be applied only when it cogently appears to be the intention
of testator as gathered from the language of the entire instrument, and
the doctrine cannot be applied merely to avoid intestacy.

**4. Same—**

Testator's will stated that his estate was a community estate with his
wife, and then proceeded to dispose of "my half of my & her (wife) estate"
without thereafter again mentioning the other half of the estate or making
any provision for his wife. *Held:* The wife took one-half of the estate,
both real and personal, as a devise and bequest by implication, this being
the inescapable conclusion as to testator's intent as gathered from the
language of the instrument as a whole.

**5. Trusts § 3b—**

The Statute of Uses merges the legal and equitable title in the bene-
ficiary of a passive trust, but this rule does not apply to active trusts, and
under an active trust legal title vests and remains in the trustee for the
purpose of the trust. G.S. 41-7.

**6. Same—**

Where there is any control to be exercised by the trustee or any duty
to be performed by him in relation to the trust property or in regard to the
beneficiaries, the trust is an active trust, and the legal and equitable titles
do not merge in the beneficiaries.

**7. Trusts § 3a—**

In order to create a valid trust, the instrument must employ sufficient
words to raise it and specify a definite subject and ascertained object.

**8. Same: Wills § 33d—**

The will in question devised and bequeathed property to testator's chil-
dren, but stated the will of testator that the property be held by named

trustees for the benefit of his children, and that the trustees distribute the *corpus* to them on later specified dates, and imposed specified duties on the trustees in the event of the mental or moral irresponsibility of any child, and charged them to look after the children's education, moral and religious, as well as their material, interests. *Held:* The will creates a valid, active trust.

**9. Wills § 33h—**

Where a will disposes of property to trustees of an active trust for the benefit of named persons *in esse*, with direction to the trustees to distribute the *corpus* of the estate on specified dates, the trust does not violate the rule against perpetuities, since the gift to the beneficiaries vests in them immediately upon the death of the testator although the full enjoyment is postponed to the dates specified.

**10. Wills § 39—**

Where the judgment of the court in an action to construe a will determines the present vesting of all property disposed of by the instrument, questions as to the disposition of the property upon the happening of certain contingencies, which are merely speculative and not considered by the court below, will not be considered on appeal.

APPEAL by defendants and each of them, including Guardians *ad litem,* from *Patton, Special J.,* at July 1956 Civil "A" Term of BUN-COMBE.

Civil action instituted by Ronald E. Finch, the Administrator, with the will annexed of William C. Honeycutt, deceased, under the Declaratory Judgment Act, Article 26 of Chapter 1 of the General Statutes of North Carolina for the purpose of obtaining from the court instructions with reference to certain questions that have arisen in the administration by him of the estate of William C. Honeycutt, deceased.

From the pleadings it appears:

(1) That William C. Honeycutt, late of the county of Buncombe, State of North Carolina, died on the 19th day of January, 1956, leaving a last will and testament, which has been duly probated and recorded, of which the following is a copy:

### "My Will"

"My estate is a community estate with my wife Georgia Greer Honeycutt and has been held as such for several years when paying Fed. and State Income Tax.

"Therefore it is my will that my half of my & her (wife) estate be given to my three children - - - Judy Greer Honeycutt, Nancy Ann Honeycutt, and William Carson Honeycutt, to share & share alike. After all taxes or other debts have been settled. It is my will that said property be held in trust by my wife & my friend Kester Walton, Atty. for said children until & when the year 1980—then ⅓ of residue be paid

to my children or his or her children if any child of mine should die before reaching the year 1980. Trustee may have two years to pay said ⅓ of estate to said children or their heirs—½ of balance of residue estate shall be distributed in the year 1992 on the same conditions as outlined above. The balance of the estate is to be distributed in the year 2005 on the same conditions as outlined above.

"It is my desire that my trustees serve as long as they are physically & mentally able to do so, However if any reason they should be disqualified or resign or die then I desire the Wachovia Bank & Trust Co, Asheville to act as Trustee for said children—I desire that my good friend & Atty, Ronald E. Finch, Black Mtn, N. C. to handle all bookkeeping and work to keep a true picture of said estate for the Trustee. also to advise with appointed trustee. I desire that Mr. Finch be paid an agreed yearly salary in keeping with work done & the ability to pay—and so long as Mr. Finch lives I desire that piece real estate be held as long as possible. I desire "Oitsa" or about 500 hundred acres on Lakey Gap Rd Black Mtn Township Buncombe Co., N. C. to be held or so much as possible until the year 2005. Then I hope my children & grandchildren if any keep most of said property as long as possible. without hardship.

"If any child becomes disabled mentally or habits causing irresponsibility—a spendthrift—without heirs of his or her own or adopted children. Then his or her part of the estate shall be withheld at any one of the periods of distribution—and given to him or her as needed.

"If any of my issue have heirs or adopted children, and become disabled mentally or by habits—then such children shall take the benefits along with its father or mother.

"It is my desire that my Trustees will look after my childrens educational, moral and religious interests as well as their money or material interests.

William C. Honeycutt"

"This 25 day of July 1955."

(2) That William C. Honeycutt was survived by his widow Georgia Greer Honeycutt, and by his three children born of his marriage to Georgia Greer Honeycutt, named Judy Greer Honeycutt, a minor daughter, born on December 10, 1948, Nancy Ann Honeycutt, a minor daughter, born September 15, 1952, and William Carson Honeycutt, Jr., a minor son, born on August 12, 1954, as his nearest of kin, and heirs at law surviving him, all of whom are parties to this action.

(3) That under the will of William C. Honeycutt a trust is attempted to be created and established for the benefit of the three above named children and for their "children or his or her children," and that Kester

Walton and Georgia Greer Honeycutt are named trustees of the trust, and they are parties to this action.

(4) That Georgia Greer Honeycutt had been duly appointed as general guardian for said minor defendants, Judy Greer Honeycutt, Nancy Ann Honeycutt, and William Carson Honeycutt, Jr., but, it appearing that a conflict of interest arises in this action between Georgia Greer Honeycutt, as beneficiary and claimant under the will of William C. Honeycutt, deceased, and the said three minor defendants, as beneficiaries and claimants under the said will, John C. Cheesborough, a disinterested, fit and suitable person to represent them, was appointed guardian *ad litem* for, and to act in behalf of said minors in this action, and to defend same in their behalf, and as such guardian he is a party to this action.

(5) That since there may be persons not now *in esse,* namely, the unborn issue of said minor defendants, Judy Greer Honeycutt, Nancy Ann Honeycutt, and William Carson Honeycutt, Jr., who shall be beneficiaries under the will of William C. Honeycutt, deceased, and who shall have an interest in his estate, Earl Fowler was appointed guardian *ad litem* for, and to act in behalf of the unborn issue of said minors, and to represent them and to defend this action in their behalf, and, as such guardian *ad litem,* he is a party to this action.

(6) That as plaintiff alleges in his complaint, there has come into his hands, as administrator with the will annexed of William C. Honeycutt, both real and personal property in specified large amounts.

(7) That plaintiff also alleges in paragraph 7 of the complaint that as to the first two sentences of the will of William C. Honeycutt, deceased, and construing the will as a whole, these questions arise:

(a) Is Georgia Greer Honeycutt entitled to receive a one-half interest in fee in all the property of William C. Honeycutt, deceased?

(b) And, if not, to what interest, if any, is she entitled?

(8) And that plaintiff alleges in paragraph 8 of the complaint that as to the second paragraph (unnumbered) of the will of William C. Honeycutt, deceased, and construing the will as a whole, these questions arise:

(a) Are the three named children entitled to a one-half interest in all the property of William C. Honeycutt, deceased, share and share alike, after all taxes or other debts have been settled under this provision of the will?

(b) If not, to what interest, if any, are they entitled?

(c) Under this provision of the will, are Georgia Greer Honeycutt and Kester Walton entitled to receive and hold, as Trustees for the three named children, the property specified in said provision and to dispose of it in accordance with the directions set out therein?

(9) That the defendant Georgia Greer Honeycutt answering the complaint, in pertinent part, contends that she is entitled to receive one-half the estate of William C. Honeycutt in fee under the provisions of his said will.

(10) That the defendants Kester Walton and Georgia Greer Honeycutt, Trustees under the last will and testament of William C. Honeycutt, deceased, answering the complaint, contend that the answer to the question set out in paragraph 8(a) should be "Yes" on the terms and provisions set out in the will; and that the answer to the question set out in paragraph 8(c) should be "Yes" in accordance with the directions set out in the will.

(11) That the defendant John C. Cheesborough, guardian *ad litem* for William C. Honeycutt, Jr., Nancy Ann Honeycutt and Judy Greer Honeycutt, minor children of William C. Honeycutt, deceased, answering the complaint, contends: (1) That the answer to the question set forth in subsection (a) of paragraph 7 should be "No," and that the answer to the question set forth in subsection (b) of paragraph 7 should be: A child's part, or one-fourth interest in the personal property of said estate, and a dower interest in the real property; (2) that the answer to the question set forth in subsection (a) of paragraph 8 should be "No"; that the answer to the question set forth in subsection (b) of paragraph 8 should be: Three-fourths of the personal property, and the entire interest in the real property of said estate, subject only to the dower rights of defendant Georgia Honeycutt; and that the answer to the question set forth as subsection (c) of paragraph 8 should be "No" for substantially two reasons: 1. That the trust attempted to be set up is passive and void; and 2, that it is violative of the rule against perpetuities.

(12) That the defendant Earl J. Fowler, Guardian *ad litem* for the unborn issue of William C. Honeycutt, Jr., Nancy Ann Honeycutt and Judy Greer Honeycutt, answering the complaint, propounds questions in respect to certain sentences in the will of William C. Honeycutt, as follows: 1. That as to the third sentence of the second paragraph (unnumbered) and construing the will as a whole:

"A. What interest are the unborn children of Judy Greer Honeycutt, Nancy Ann Honeycutt and William Carson Honeycutt, Jr., entitled to under this provision of the will?

"B. What portion of the income from the estate held by the Trustees, Kester Walton and Georgia Greer Honeycutt, are the three children Judy Greer Honeycutt, Nancy Ann Honeycutt, and William Carson Honeycutt, Jr., entitled to receive?"

2. That as to the provision reading: "If any of my issue have heirs or adopted children, and become disabled mentally or by habits . . .

then such children shall take the benefits along with its father or mother," and construing the will as a whole: "A. If any of the children of the testator become disabled, mentally or by habits, and at such time has a child or children in being, is the said child or children entitled to receive that portion of the estate of the testator, as originally provided for the child of the testator?"

This cause came on for hearing before Patton, Judge presiding over the July 1956 "A" Term of the Superior Court of Buncombe County, North Carolina, on 25 July, 1956. And all the parties to the action having agreed to waive jury trial, and that all matters raised by the pleadings in the cause might be determined by the court sitting as a jury, the Judge, after reciting facts accordant with the facts as hereinabove set forth, finds that all the defendants, including guardians *ad litem*, have filed verified answers to the complaint, and that all parties who have or who may have any interest in the estate of William C. Honeycutt, deceased, whether such interest be present or prospective, vested or contingent, are now properly before the court, and the court has jurisdiction of the parties and of the subject matter of this action, and is entitled to proceed to hear and determine the matters involved in this action under the general equity powers of the court and the provisions of Chapter 1, Article 26, of the General Statutes of North Carolina.

And the parties stipulated and agreed that judgment might be signed after the adjournment of said term of court and out of the district *nunc pro tunc,* as of the 25th day of July, 1956.

Pursuant thereto, and upon consideration (1) of all the evidence presented, the foregoing findings of fact (which the parties stipulate are supported by the evidence and the pleadings), and (2) of statements and arguments of counsel for the respective parties, the presiding judge entered judgment in which "IT IS ORDERED, ADJUDGED AND DECREED:

"(A) That considering the wording of said will, the intent of the testator, as gathered from a consideration of the will in its entirety, there was willed and devised by the testator, William C. Honeycutt, to his wife, Georgia Greer Honeycutt, one-half interest in all of the personal and real property of which he died seized, and that the said Georgia Greer Honeycutt is entitled to receive a one-half interest in fee in all the property of the said William C. Honeycutt, deceased, by virtue of the terms of said will.

"(B) That the three children of William C. Honeycutt are entitled to receive under the terms of the will of the said William C. Honeycutt a one-half interest in all the property of William C. Honeycutt, deceased, share and share alike, after all taxes and other debts owed by the deceased and his administrator have been fully paid and settled.

"(C) That the testator, by his will, did not create a legal and valid trust whereby Kester Walton and Georgia Greer Honeycutt, as Trustees, are entitled to hold or receive any property willed to his three minor children.

"(D) That the plaintiff herein, after having fully administered said estate, and subject to the final orders and approval of the Clerk of the Superior Court of Buncombe County, is directed to dispose of and distribute the property then remaining in his hands and belonging to the estate of William C. Honeycutt, deceased, in accordance with the terms and conditions of this judgment.

"(E) Let the costs of this action, including all allowances to attorneys for plaintiff and defendants, and guardians *ad litem,* as hereinafter made by order of the court, be taxed against the plaintiff, to be paid out of the personal property of the estate."

To the foregoing judgment the defendants (other than Georgia Greer Honeycutt individually) and each of them, except and appeal to Supreme Court, and assign error.

*Harkins, Van Winkle, Walton & Buck for Georgia Greer Honeycutt, Widow.*

*Harkins, Van Winkle, Walton & Buck for Kester Walton and Georgia Greer Honeycutt, Trustees.*

*John C. Cheesborough, Guardian Ad Litem.*

*Earl J. Fowler, Guardian Ad Litem for Unborn Persons.*

WINBORNE, C. J.  The assignments of error based upon specific exceptions taken by the several appellants to conclusions of law made by the trial judge of Superior Court, and presented in this Court, challenge the correctness of the judgment from which appeal is taken in two basic aspects in holding: (1) That William C. Honeycutt, by his will, devised and bequeathed to his wife Georgia Greer Honeycutt one-half interest in all of the real and personal property of which he died seized and possessed; and (2) that William C. Honeycutt, by his will, did not create a legal and valid trust for the benefit of his three children in one-half of his property, and hence the children took such one-half without regard to trust provisions set out therein.

A careful consideration of the provisions of the will, in the light of applicable principles of law, leads to the conclusion that in the first such aspect the ruling is correct and proper, but that in the second such aspect the ruling is in error.

Pertinent to such aspects of the case in hand, the intent of the testator is the paramount consideration in the construction of his will.

"In searching for the intent of the testator as expressed in the language used by him, we start with the presumption that one who makes

4—246

a will is of disposing mind and memory, and does not intend to die intestate as to any part of his property." *Ferguson v. Ferguson*, 225 N.C. 375, 35 S.E. 2d 231, where the subject is fully discussed. See also *Jones v. Jones*, 227 N.C. 424, 42 S.E. 2d 620.

In the *Ferguson case, supra,* it is also stated that "Even where a will is reasonably susceptible of two constructions, the one favorable to complete testacy, the other consistent with partial intestacy, in application of the presumption, the former construction will be adopted, and the latter rejected."

No particular form of expression is necessary to constitute a legal disposition of property. Hence, although apt legal words were not used and the language is inartificial, the courts will give effect to it where the intent is apparent. Even the form will be disregarded. *Kerr v. Girdwood*, 138 N.C. 473, 50 S.E. 852; 107 A.S.R. 551.

Moreover, the doctrine of devise or bequest by implication is well established in our law. *Burcham v. Burcham*, 219 N.C. 357, 13 S.E. 2d 615. See also *Burney v. Holloway*, 225 N.C. 633, 36 S.E. 2d 5; *Efird v. Efird*, 234 N.C. 607, 68 S.E. 2d 279.

In the *Burcham case, supra,* this statement of the principle is quoted with approval: "If a reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express or formal words, the court may supply the defect by implication, and so mould the language of the testator as to carry into effect, so far as possible, the intention which it is of opinion that he has on the whole will sufficiently declared." 1 Underhill on Wills Section 463.

True it is said in the *Burney case, supra,* "The settled policy of the law, however, founded upon strong reason, does not favor a devise or even a bequest, by implication, permitting it only when it cogently appears to be the intention of the will . . . Probability must be so strong that a contrary intention 'reasonably be supposed to exist in testator's mind,' and cannot be indulged merely to avoid intestacy."

Nevertheless, in the light of these principles, applied to the wording of the will of William C. Honeycutt here considered it is apparent that a gift by implication was effected of one-half of his estate to his wife, Georgia Greer Honeycutt. In the first sentence he refers to "my estate" as being "a community estate with my wife, Georgia Greer Honeycutt," and that "it has been held as such for several years when paying Fed. and State Income Tax." Then the next sentence reads, "Therefore it is my will that my half of my and her (wife) estate be given to my three children . . .," and no mention is again made of the other half. Indeed, no devise or bequest otherwise is made to his wife. The conclusion is inescapable that he intended she should have one-half of his

estate. And it will not be presumed that he intended to die partially intestate.

Therefore this Court holds that the ruling of the trial court in this aspect is proper, and should be affirmed.

Now as to whether the testator, William C. Honeycutt, by the language used in his will, created a legal and valid trust whereby the Trustees named are entitled to hold and to receive any property willed to his three minor children: The Statute of Uses, 27 Henry VIII, preserved in this State by G.S. 41-7, merges the legal and equitable titles in the beneficiary of a passive trust, but the rule established by the statute does not apply to active trusts. *Chinnis v. Cobb*, 210 N.C. 104, 185 S.E. 638.

As to active trusts the legal title vests and remains in the trustee for the purpose of the trust. *Fisher v. Fisher*, 218 N.C. 42, 9 S.E. 2d 493. See also *Security National Bank v. Sternberger*, 207 N.C. 811, 178 S.E. 595.

The distinction between a passive and active trust is clearly pointed out in opinion by *Adams, J.*, in *Patrick v. Beatty*, 202 N.C. 454, 163 S.E. 572.

In the *Chinnis case, supra*, in opinion by *Devin, J.*, later *C. J.*, it is said that "an active trust is one where there is a special duty to be performed by the trustee in respect to the estate, such as collecting the rents and profits, or selling the estate, or the execution of some particular purpose." Then the opinion quotes with approval this statement from Underhill on Wills, Section 773: "In other words, when any control is to be exercised or any duty performed by the trustee, however slight it may be . . . the trust is active"; and the opinion goes on to say, "Since it would be impossible for the trustee to perform the duties imposed upon him unless permitted to retain the legal estate in himself, equity will not permit it to be transferred to the beneficiary under the Statute of Uses."

Moreover, it is well settled in this State that to constitute a valid trust "three circumstances must concur—(1) sufficient words to raise it, (2) a definite subject, and (3) an ascertained object." *Thomas v. Clay*, 187 N.C. 778, 122 S.E. 852.

In the light of these principles, applied to the wording of the provisions of the will of William C. Honeycutt, it is manifest that the three essentials are present. It is clear that the testator intended to create a trust for the benefit of his children. It is expressly so stated, and he named the trustees. And aside from other provisions of the will the concluding sentence that "It is my desire that my trustees will look after my childrens educational, moral and religious interests as well as their money or material interests," implies that the trustees shall have control of the estate in the performance of these duties. As stated

above, it would be impossible for the trustees to perform the duties thus imposed unless permitted to retain the legal title. Hence equity will not permit it to be transferred to the beneficiaries under the Statute of Uses.

But it is contended that the trust attempted to be set up is violative of the Rule Against Perpetuities. "Under this rule, no devise or grant of a future interest in property is valid unless title thereto must vest, if at all, not less than twenty-one years plus period of gestation, after some life or lives in being at the time of the creation of the interest. If there is possibility such future interest may not vest within the time prescribed, the gift or grant is void." *McQueen v. Trust Co.*, 234 N.C. 737, 68 S.E. 2d 831.

The contention is not well founded here. For "it is generally held, nothing else appearing in the will to the contrary, that where an estate is devised to a trustee in an active trust for the sole benefit of persons named as beneficiaries, with direction to divide up and deliver the estate at a stated time, this will have the effect of vesting the interest immediately on the death of the testator. The intervention of the estate of the trustee will not have the effect of postponing the gift itself, but only its enjoyment." *Coddington v. Stone*, 217 N.C. 714, 9 S.E. 2d 420.

The gift in the instant case to the children vested in interest to them immediately upon the death of the testator, although the full enjoyment is postponed to later dates. When these conditions exist, a trust does not violate the Rule against Perpetuities. *McQueen v. Trust Co.*, *supra*.

Even though the postponements here ultimately invade the Twenty-first Century, reference to the ages of the children indicates that the postponements are within the life or lives of the beneficiaries in being and twenty-one years and ten lunar months thereafter, the limitation of the Rule against Perpetuities. *Trust Co. v. Williamson*, 228 N.C. 458, 46 S.E. 2d 104.

Hence the ruling of the trial judge in holding that the testator, William C. Honeycutt, by his will, did not create a legal and valid trust whereby Kester Walton and Georgia Greer Honeycutt, as Trustees, are entitled to hold or receive any property willed to his three minor children must be, and it is hereby reversed. And in accordance therewith the holding of the trial Judge that the three children of William C. Honeycutt are entitled to receive, under the terms of the will of the said William C. Honeycutt, a one-half interest in all the property of William C. Honeycutt, deceased, share and share alike, after all taxes and other debts owed by the deceased and his administrator have been fully paid and settled is modified so that the legal title be vested in the trustees, and the beneficial interest vested in the children in keeping with the trust provisions set out in the will.

Finally, the questions propounded by the guardian *ad litem* for persons not in being were not considered by the trial Judge. Indeed presently they are merely speculative, and are not considered.

Hence in accord with this opinion, the judgment from which appeal is taken is

Modified and affirmed.