STEPHEN J. PHILLIPS v. PAUL GILBERT AND JACK WHALEY.

(Filed 9 April, 1958)

1. **Pleadings § 28—**

   A motion for judgment on the pleadings is in the nature of a demurrer *ore tenus* and should be allowed if the answer admits every material averment of the complaint and fails to set up any defense or new matter sufficient to constitute a defense to plaintiff's claim.

2. **Wills § 33d— Where lands are devised in passive trust for life of testator's son with remainder in fee to trustee, the remainder is not conditional.**

The will devised the lands in question to be held in trust for the benefit of testator's son during the son's natural life and at the son's death to the trustee in fee simple. *Held:* No duty was imposed upon the trustee in regard to the estate, but the trustee was the holder of the bare legal title under a passive trust, and upon the death of testator's son, the remainder vested in the trustee in fee and the trustee was entitled to immediate possession, notwithstanding his failure to qualify as trustee of the son under the will and failure to manage the property for the son's benefit, the vesting of the remainder not being conditioned upon the rendering of any service by the trustee. Therefore, the guardian for the son may not claim a lien on the property for monies expended by him for the medical care and funeral expenses of the son.

**3. Trusts § 13—**

In a passive trust the legal and equitable titles are merged in the beneficiary and the beneficial use is converted into legal ownership, but as to an active trust, the title remains in the trustee for the purposes of the trust.

**4. Estates § 9e—**

Where the guardian of the life tenant executes a rental agreement for the land upon a share-crop basis, and the life tenant dies prior to the time the rent for the year accrues under the terms of the agreement, the rent due thereunder becomes the property of the remainderman.

APPEAL by defendant Paul Gilbert from *Frizzelle, J.,* January 20 Special Term 1958 of JONES.

This is a civil action instituted on 29 August 1957 by the plaintiff for the immediate possession of the 123-acre farm described in the complaint, and for the landlord's part of the proceeds arising from the sale of crops by the tenant occupying said farm during the 1957 crop year.

The facts pertinent to this appeal are as follows:

1. Edward R. Stanley died testate in Jones County, North Carolina on 18 November 1935. His last will and testament was duly probated in the office of the Clerk of the Superior Court of Jones County on 19 November 1935, and in Item 2 thereof he devised the land involved herein as follows: "I give and devise all the lands owned by me wherever it may be situated to my friend Stephen J. Phillips as Trustee to be held in trust for the benefit of my beloved son Herbert H. Stanley, during the natural life of my said son and at his death to my said friend Stephen J. Phillips in fee simple."

2. George R. Hughes who was named executor in the will declined to qualify and Ebb Noble was duly appointed administrator c.t.a., d.b.n. Stephen J. Phillips named as trustee in the will never asserted any control as trustee or otherwise with respect to the devised property during the life of the life tenant.

3. On 24 May 1937, W. N. Gilbert was appointed by the Clerk of

the Superior Court of Jones County as guardian for Herbert H. Stanley, who had been declared *non compos mentis* by the court, and W. N. Gilbert entered upon his duties as such guardian.

4. That upon the death of W. N. Gilbert on 28 January 1948, Paul Gilbert was substituted as guardian for Herbert H. Stanley and served in that capacity until the death of Herbert H. Stanley on 28 December 1956. Following the death of his ward, Paul Gilbert filed his final account and was discharged.

5. Paul Gilbert, while acting as guardian for Stanley, the incompetent, rented the lands owned by his ward to Jack Whaley for the crop year 1957, upon a share-crop basis, the tenant to pay one-third of all crops made to the guardian of Herbert H. Stanley, subject to the payment of one-third of the fertilizer bills by the guardian.

6. The defendant Paul Gilbert set up a counterclaim in his answer alleging that while he was guardian of Herbert H. Stanley he had expended the sum of $2,690.85 on his ward for hospital, doctors bills, medicines, funeral expenses, travel expenses, etc., during his ward's last illness, in excess of what he had received as guardian of his ward, and prayed that he recover said amount from the plaintiff and that said judgment be declared a lien on the property superior to any rights of the plaintiff.

7. The defendant Paul Gilbert also set up as a bar to plaintiff's right of possession the failure of the plaintiff to qualify as trustee under the provisions of the will. Therefore, he alleges, the plaintiff has forfeited his right to the title and possession of said premises and is estopped thereby from prosecuting this action.

The court below, on motion of the plaintiff, rendered judgment on the pleadings, and held that the plaintiff is the owner of and entitled to the immediate possession of the lands in controversy, and that he is likewise entitled to the sum of $1,595.15, representing the funds on deposit in the First Citizens Bank and Trust Company, realized from the sale of crops produced by Jack Whaley upon the lands described in the complaint, which sum had been placed in said bank by agreement of the parties pending the outcome of this action.

Judgment was accordingly entered and the defendant Paul Gilbert appeals, assigning error.

*Jones, Reed & Griffin, for plaintiff, appellee.*
*Larkins & Brock, for defendant, appellants.*

DENNY, J.   The appellant poses three questions on this appeal:

1. Was the plaintiff entitled to judgment on the pleadings?

2. Is the plaintiff the owner of and entitled to the immediate possession of the property described in the complaint?

3. Is the defendant entitled to a lien on the property described in the complaint to the extent of $2,690.85 for moneys expended by him for doctor, medical, hospital and funeral expenses on behalf of and for Herbert H. Stanley, life tenant and only son of Edward R. Stanley?

As we construe the record before us, there is no controversy between the parties with respect to the material facts involved. The rights of the parties, therefore, must be determined, as a matter of law, in light of these undisputed facts.

A motion for judgment on the pleadings is tantamount to or in the nature of a demurrer *ore tenus.* McIntosh, North Carolina Practice & Procedure, 2nd Edition, section 1261, page 702; *Erickson v. Starling,* 235 N.C. 643, 71 S.E. 2d 384; *Raleigh v. Fisher,* 232 N.C. 629, 61 S.E. 2d 897. Such motion should be allowed where the answer admits every material averment of the complaint and fails to set up any defense or new matter sufficient to constitute a defense to plaintiff's claim. *Raleigh v. Fisher, supra; Smith v. Smith,* 225 N.C. 189, 34 S.E. 2d 148, 160 A.L.R. 460; *Mitchell v. Strickland,* 207 N.C. 141, 176 S.E. 468; *Pridgen v. Pridgen,* 190 N.C. 102, 129 S.E. 419.

The appellant seriously contends the plaintiff is not the holder of the title to the premises described in the complaint and is, therefore, not entitled to possession thereof. In support of this view the appellant contends that, the devise to the plaintiff was subject to the implied condition that he accept the trust and manage the trust property for the benefit of Herbert H. Stanley; that, in failing to comply with this implied condition, he is not entitled to take the property as remainderman under the provisions of the last will and testament of Edward R. Stanley, citing 57 Am. Jur., Wills, section 1523, page 1034, et seq.; *Kirkland v. Narramore,* 105 Mass. 31, 7 Am. Rep. 497.

There is nothing on the face of the will of Edward R. Stanley indicating that the testator required or expected anything of the designated trustee, except to hold the bare legal title to the property for the benefit of his son during his son's life. Moreover, at his son's death the devise of the lands to Stephen J. Phillips was not conditioned upon services rendered or any other condition, but simply to his "friend Stephen J. Phillips in fee simple."

In *Kirkland v. Narramore, supra,* the will of Abigail W. Carpenter contained bequests to her brothers and sisters. Then followed this clause: "I hereby appoint Franklin Narramore, of Goshen, as trustee, to take and keep the above legacies, the income of which he shall appropriate to their comfort so long as they live. After their decease, what remains I bequeath to the above trustee." This was followed by other bequests: a residuary legatee was named and an executor, other than the trustee. The testatrix died; the executor proved the will and settled the estate. All the legatees survived the testatrix; but before

the estate was settled Narramore died, not having given bond as trustee, nor assumed the duties of the office, and no letters of trust had been issued or applied for under the will. Kirkland was appointed trustee and acted as such during the lives of the brothers and sisters; when all of them died, the administratrix of Narramore claimed the balance of the estate in the hands of the trustee as a legacy to Narramore. The residuary legatee claimed the balance of the corpus of the trust. The Court held that there was a presumption that the legacy was given to Narramore in his character of trustee, and on the implied condition that he would accept the trust. The Court said: "Narramore must have done something under his appointment, in order to comply with the condition and entitle himself to the legacy * * *. But he died without doing anything, not making even an attempt to become trustee. Consequently his administratrix is not entitled to the legacy."

We think the above case is distinguishable from the one before us. The will clearly required the trustee to become custodian of the bequests, to keep them and the income therefrom to be appropriated by the trustee for the comfort of the brothers and sisters of the testatrix "so long as they live." Clearly this was an active trust. *Finch v. Honeycutt,* 246 N.C. 91, 97 S.E. 2d 478; *Pilkington v. West,* 246 N.C. 575, 99 S.E. 2d 798, and cited cases.

In *Pilkington v. West, supra,* where real property had been conveyed to a trustee, for the purpose of preserving the property described therein for the use and benefit of Eva Morgan Pilkington for her natural life, we held the trust to be passive; that it was executed by the statute, G.S. 47-1, and that Eva Morgan Pilkington and her husband could convey the property in fee simple.

In a passive trust the legal and equitable titles are merged in the beneficiary and the beneficial use is converted into legal ownership, but as to an active trust, the title remains in the trustee for the purposes of the trust. *Akin v. Bank,* 227 N.C. 453, 42 S.E. 2d 518; *Deal v. Trust Co.,* 218 N.C. 483 11 S.E. 2d 464; *Fisher v. Fisher,* 218 N.C. 42, 9 S.E. 2d 493; *Bank v. Sternberger,* 207 N.C. 811, 178 S.E. 595.

In the last cited case this Court, in pointing out the distinction between "a simple, passive or dry trust," and "a special or active trust," quoted with approval from Perry On Trusts and Trustees, 7th Edition, Volume 1, section 18, page 14, the following: "Trusts are divided into simple and special trusts. A simple trust is a simple conveyance of property to one upon trust, for another, without further specifications or directions. In such case, the law regulates the trust, and the *cestui que trust* has the right of possession and of disposing of the property, and he may call upon the trustee to execute such conveyances of the legal estate as may be necessary. A special trust is where the special and particular duties are pointed out to be performed by the trustee.

In such cases he is not a mere passive agent but has active duties to perform, as when an estate is given to a person to sell, and from the proceeds to pay the debts of the settler."

In our opinion, on the first question posed, the plaintiff was entitled to judgment on the pleadings and we so hold.

On the second question, we are constrained to hold that since the testator imposed no duties upon the trustee, the will created only a passive trust, and the failure of the trustee to undertake to assume and exercise duties not imposed upon him by the terms of the will, does not affect his rights as remainderman under the provisions of the will. Hence, the second question under consideration must be answered in the affirmative.

It is regrettable that Herbert H. Stanley did not leave a sufficient estate to pay the bills incurred by his guardian during the ward's last illness; however, Herbert H. Stanley never had anything more than a life estate in the premises involved in this action, and upon his death the life estate was extinguished and the title to the premises passed to the plaintiff in fee simple, free from the obligations of the life tenant, except as to the rental agreement for the 1957 crop year. It follows, therefore, that since the rent for the crop year 1957 did not accrue under the terms of the agreement until after the death of the life tenant, such rent became the property of the owner of the reversion, to wit, the plaintiff. *Trust Co. v. Frazelle*, 226 N.C. 724, 40 S.E. 2d 367; *In re Estate of Galloway*, 229 N.C. 547, 50 S.E. 2d 563. Hence, the third question posed must be answered in the negative.

In view of the conclusions we have reached, the judgment of the court below is

Affirmed.