WACHOVIA BANK & TRUST COMPANY, ADMINISTRATOR C.T.A. OF THE ESTATE OF HAYWOOD M. TAYLOR, DECEASED, v. ALICE B. TAYLOR (WIDOW), ALICE LEE TAYLOR McLEOD AND HER HUSBAND, G. B. McLEOD, MARTHA ANNE TAYLOR SWAYZE AND HER HUSBAND, THOMAS R. SWAYZE, AND ALICE LEE McLEOD AND GEORGE BADGER McLEOD, IV, MINOR CHILDREN OF ALICE LEE TAYLOR McLEOD AND HER HUSBAND, G.B. McLEOD, AND THOMAS RANDOLPH SWAYZE, NELSON TAYLOR SWAYZE, AND ROBERT LOUIS SWAYZE, MINOR CHILDREN OF MARTHA ANNE TAYLOR SWAYZE AND HER HUSBAND, THOMAS R. SWAYZE.

(Filed 16 June, 1961.)

1. **Wills § 27—**

The intent of testator as ascertained from an examination of the will from its four corners, giving every word and clause effect if possible, is the paramount aim of construction.

2. **Wills § 33—**

A devise of realty "in trust" to testator's wife for her life, then "in trust" to testator's two daughters for life, and upon the death of the daughters their respective shares to be divided equally between their children, *is held* a devise of a life estate to the wife and daughters, successively, with remainder to testator's grandchildren in accordance with the obvious intent of testator, since even if the wife and daughters are held to take the bare legal title in trust there are no duties imposed upon them as trustees and no beneficiaries of such trust, and therefore the trust would be passive and merge in the equitable titles of the beneficiaries.

3. **Trusts § 3—**

In a passive trust the legal and equitable titles are merged in the beneficiary by virtue of the statute of uses. G.S. 41-7.

4. **Same: Trusts § 1—**

The essentials for creation of a valid trust are the sufficiency of words to raise it, a definite subject, and an ascertained object.

5. **Wills § 34—**

A devise to testator's daughters for life and at their deaths their respective shares to be divided among their children, each daughter having children living at the time of testator's death, vests the remainder in the children as a class, subject to be opened up to include children later born.

**6. Same—**

An estate is vested when there is either an immediate right of present enjoyment or a present fixed right of future enjoyment, and a remainder after a life estate is vested if the only obstacle to the right of immediate possession by the remaindermen is the existence of the preceding estate; but if there is uncertainty as to the person or persons who are to take, and the uncertainty is to be resolved in a particular way according to conditions existing at a time in the future, the remainder is contingent.

**7. Wills § 40— Remainder under this will held vested in members of class and devise does not violate rule against perpetuities.**

The will in this case devised land to testator's daughters for life with provision that upon their deaths their respective shares should be divided equally between their children when they reached the age of 25 years. *Held:* The devise to testator's grandchildren as members of a class vested upon testator's death, the *quantum* and not the quality of the estate being involved in the opening up of the class to admit later born children, and the provision that the land should be equally divided among the children when they reach the age of 25 years does not affect this result, the grandchildren of testator being entitled to possession immediately upon the deaths of testator's daughters, but the property should not be partitioned among them until the youngest reaches the age of 25 years or until the deaths of their mothers, whichever is later, there being no language disclosing an intent that only the grandchildren living at the end of the 25 year period or the deaths of their mothers, should take.

APPEAL by defendants, other than Alice Lee Taylor McLeod and Martha Anne Taylor Swayze, from *Hall, J.,* at Chambers 8 April 1961 in DURHAM.

Action pursuant to Declaratory Judgment Act (G.S. 1-253 *et seq.*) for construction of a will.

Haywood M. Taylor died testate 21 October 1960. He was survived by his widow, Alice B. Taylor, his children, Alice Lee Taylor McLeod and Martha Anne Taylor Swayze, and his grandchildren, Alice Lee McLeod and George Badger McLeod IV (children of Alice Lee Taylor McLeod), and Thomas Randolph Swayze, Nelson Taylor Swayze and Robert Louise Swayze (children of Martha Anne Taylor Swayze). The grandchildren are all minors.

The will of Haywood M. Taylor, dated 19 January 1958, was admitted to probate 10 November 1960 in Durham County, and is in material part as follows:

". . . . All of my personal property I leave to me (sic) wife, Alice B. Taylor. To each of my daughters, Alice Lee Taylor McLeod and Martha Anne Taylor Swayze, I leave the sum of $5000 each. The balance of my estate I leave in trust to my wife, Alice Lee Brown Taylor, for her lifetime — then in trust to my two daughters above

for their lifetime, and upon their death their share is to be divided equally between their children when they reach the age of twenty-five years."

Plaintiff qualified as administrator c.t.a. The inventory value of the assets of the estate is as follows: Cash $13,000.00; common stocks and treasury bills $17,318.69; real estate $53,200.00. The debts of the estate, including taxes and costs of administration, are approximately $11,000.00. Property of a value in excess of $100,000.00 passed to the widow by right of survivorship, outside the will.

This action was instituted by the administrator. S. C. Brawley, Jr. was appointed guardian *ad litem*, in separate orders, for the infant grandchildren and for the unborn children of testator's daughters, and filed answers. Daughter, Alice Lee Taylor McLeod, answered, but the widow and daughter, Martha Anne Taylor Swayze, filed no answers or other pleadings.

Plaintiff and answering defendants agreed that the will should be construed and the following questions answered:

1. Does the widow take all the personal property of the estate after payment of debts, taxes and expenses of administration?

2. Should the bequests of $5,000 each to the daughters be paid from the personal estate?

3. Do the provisions of the will with respect to the residue (real estate) violate the rule against perpetuities?

Jury trial was waived. The court found facts, made conclusions of law, and entered judgment in pertinent part as follows:

"The Court being of the opinion and concluding that it was the intent of the testator that his daughters . . . receive the sum of $5000 each and that his wife receive the rest and residue of his personal property; that the testator intended his wife . . . to have a life estate in his real property and his daughters herein named to have a life estate in said real property at the expiration thereof; and being of the further opinion and concluding that the trust attempted to be created in the will is a passive trust (G.S. 41-7), and that the remainder interest to the children of Alice Lee Taylor McLeod and Martha Anne Taylor Swayze is void as in violation of the rule against perpetuities, and that such remainder interest vested as of the death of Haywood M. Taylor and passes to his heirs under the intestate succession law as if he had died intestate.

"NOW, THEREFORE, IT IS CONSIDERED, ORDERED, AND ADJUDGED:

"1. That Alice Lee Taylor McLeod and Martha Anne Taylor Swayze be paid the sum of $5000 each out of the personal assets of the estate and that Alice B. Taylor (widow) is entitled to the rest

and residue of the personal property, subject to the payment of debts, taxes, and costs of administration.

"2. That Alice B. Taylor (widow) has a life estate in the real property of the estate and that upon the termination of said life estate Alice Lee Taylor McLeod and Martha Anne Taylor Swayze have a life estate therein.

"3. That the remainder interest to the children of Alice Lee Taylor McLeod and Martha Anne Taylor Swayze is void as in violation of the rule against perpetuities and that such remainder interest vested in the heirs at law of Haywood M. Taylor at the time of his death and that such remainder interest passes under the intestate succession laws as if he had died intestate."

The guardian *ad litem* appealed on behalf of the infant defendants and the unborn children of the testator's daughters.

*S. C. Brawley, Jr. for appellants.*
*Albert W. Kennon for defendant appellees.*

MOORE, J.  The appellants contend that the court erred "in concluding and adjudging that the devise of the remainder interest in the real property to the children of Alice Lee Taylor McLeod and Martha Anne Taylor Swayze was in violation of the rule against perpetuities and therefore void."

There is no appeal from the court's interpretation of the will with respect to the disposition of personal property. The judgment below as to the personal estate is binding on all parties and this phase of the case is not considered and discussed here. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 562. Furthermore, the rulings as to the personal estate do not affect the rights or interests of the infant defendants or of the unborn children of testator's daughters.

We are here concerned only with the following provision: "The balance of my estate (real property) I leave in trust to my wife . . . for her lifetime — then in trust to my two daughters . . . for their lifetime, and upon their death their share is to be divided equally between their children when they reach the age of twenty-five years."

"The paramount aim in the interpretation of a will is to ascertain if possible the intent of the testator." *Entwistle v. Covington,* 250 N.C. 315, 318, 108 S.E. 2d 603. And the intent of the testator is ordinarily to be ascertained from an examination of the will from its four corners. *Bullock v. Bullock,* 251 N.C. 559, 563, 111 S.E. 2d 837. In construing a will every word and clause will be given effect if possible. *Andrews v. Andrews,* 253 N.C. 139, 147, 116 S.E. 2d 436.

Testator in the devises to his wife and daughters uses the words

"in trust." Yet an examination of the residuary clause as a whole indicates that no trust was created or intended. Certainly there is no manifest or implied purpose that an active trust be established and a trustee be appointed to manage the real estate for the benefit of widow, daughters and grandchildren. Ordinarily when property is devised to one "in trust," the devisee is the trustee. But when we consider the language of the will in this light we find nothing to indicate an intent on the part of testator that the widow and daughters hold the land in trust during their respective lives for use and benefit of the grandchildren with obligation to account for rents and profits. The will provides that upon the death of the daughters *their share* is to be equally divided between their children. If testator intended that the daughters have *a share* which was to pass to the grandchildren after their death, he undoubtedly meant that share to be something more than the bare legal title of a passive trust. The interest of a trustee in a passive trust is a mere formality without substance, for in a passive trust the legal and equitable titles are merged in the beneficiary by virtue of the statute of use. *Phillips v. Gilbert*, 248 N.C. 183, 187, 102 S.E. 2d 771. "The Statute of Uses, 27 Henry VIII, preserved in this State by G.S. 41-7, merges the legal and equitable titles in the beneficiary of a passive trust . . . ." *Finch v. Honeycutt*, 246 N.C. 91, 99, 97 S.E. 2d 478.

The essentials for creation of a trust are: " (1) sufficiency of words to raise it, (2) a definite subject, and (3) an ascertained object. *Finch v. Honeycutt, supra; Thomas v. Clay*, 187 N.C. 778, 122 S.E. 852. In the instant case no trust object is stated even if we concede that the first two essentials appear. No duties are imposed and no beneficiaries are designated, expressly or by implication.

It is clear that testator intended that the widow and, in turn, the daughters, have and enjoy life estates in the land, with the benefits ordinarily accruing therefrom. If the words "in trust" created any legal estate as distinguished from the use or equitable estate, the two merged so as to vest in the widow and daughters life estates in the usual and ordinary sense. The words "in trust" as used in this will mean nothing more than that the life tenants pay taxes, not commit waste, and maintain and preserve the property as befits, and is required of, one having a life estate.

We have this situation: A devise to the widow for life, and at her death to the daughters for life, and at their death "their share is to be divided equally among their children." The devise of the remainder, subject to the life estates, is to a class (grandchildren). Some of the members of the class were living at the death of the testator.

"A legacy given to a class subject to a life estate vests in the per-

sons composing that class at the death of the testator; but not absolutely; for it is subject to open, so as to make room for all persons composing the class, not only at the death of the testator, but also at the falling in of the intervening estate. This is put on the ground that the testator's bounty should be made to include as many persons who fall under the general description or class as is consistent with public policy; and the existence of the intervening estate makes it unnecessary to settle absolutely the ownership of the property until that estate falls in." *Mason v. White,* 53 N.C. 421, 422. The rule thus clearly enunciated has been consistently adhered to in this jurisdiction. *Privett v. Jones,* 251 N.C. 386, 393, 111 S.E. 2d 533; *Sawyer v. Toxey,* 194 N.C. 341, 343, 139 S.E. 692; *Walker v. Johnston,* 70 N.C. 576, 579.

We next inquire as to the effect of the language — "upon their (daughters) death their share is to be divided equally between their children when they reach the age of twenty-five years." It is our opinion and we hold that this language does not exclude the devise of the remainder in the case at bar from the rule above quoted from the *Mason* case. " 'The remainder is vested in the children of the life tenant who are *in esse,* and their interest is subject only to a contingency affecting the *quantum* of their interest, but not the quality of the estate taken by them.' . . . Nor was the vested character of the remainder affected by the direction that the property be equally divided . . . after the death of their mother(s)." *Beam v. Gilkey,* 225 N.C. 520, 524, 35 S.E. 2d 641. The rule against perpetuities does not relate to and is not concerned with the part postponement of the full enjoyment of a vested estate. The time of vesting of title is its sole subject matter. *McQueen v. Trust Co.,* 234 N.C. 737, 741, 68 S.E. 2d 831. ". . . (I)f there is in terms a devise, and the time of enjoyment merely is postponed, the interest is a vested one, but if the time be annexed to the substance of the gift or devise, as a condition precedent, it is contingent . . . ." *Bowen v. Hackney,* 136 N.C. 187, 190, 48 S.E. 633. ". . . (A) remainder is vested if, so long as it lasts, the only obstacle to the right of immediate possession by the remainderman is the existence of the preceding estate; or, again, a remainder is vested if it is subject to no condition precedent save the determination of the preceding estate." *Trust Co. v. McEwen,* 241 N.C. 166, 169, 84 S.E. 2d 642. "An estate is vested when there is either an immediate right of present enjoyment or a present fixed right of future enjoyment." *Patrick v. Beatty,* 202 N.C. 454, 461, 163 S.E. 572.

It is patent that testator intended, in the case at bar, that immediately upon the death of his daughters their children should have the right of possession. For reasons satisfactory to him he did not

desire the land partitioned among his grandchildren until they reached the age of twenty-five years. He certainly did not intend an hiatus in the title for the possible period between the death of the daughters and the time for actual partition. At the death of the daughters the roll is to be called and the *quantum* of interest of each is then fixed and determined. But the lands, according to testator's wishes, are not to be partitioned until they "reach the age of twenty-five years." ". . . (A) devise should take effect at the earliest moment that the language will permit." *McDonald v. Howe,* 178 N.C. 257, 259, 100 S.E. 427. Had the language of the will been such as to show that the testator intended that the remainder go to such of the grandchildren only as survived testator's daughters and were living at the time the youngest grandchild attained age twenty-five, then the remainder would have been contingent. *Bowen v. Hackney, supra; Anderson v. Felton,* 36 N.C. 55.

It is our opinion and we hold that the remainder in fee vested in the infant defendants at testator's death, subject to open so as to make room for any children thereafter born to testator's daughters, but at the death of the daughters of testator the *quantum* of interest of each of the grandchildren will become fixed and certain, and the grandchildren will be entitled to possession immediately upon the death of the daughters, and that according to the wishes of the testator the property is not to be partitioned and allotted to the grandchildren until "they reach the age of twenty-five years," or until the death of their mothers, whichever is later. We hold that the remainder interest in the real property to the grandchildren is not in violation of the rule against perpetuities — this being the only question for decision on this appeal.

Both the appellants and appellees quoted from and relied on *Parker v. Parker,* 252 N.C. 399, 113 S.E. 2d 899. The devise in that case, as here, was to a class, including members of the class which might be born after the death of testator. (For further comment see *Clarke v. Clarke,* 253 N.C. 156, 161, 162, 116 S.E. 2d 449.) In all other respects the instant case and the *Parker* case are distinguishable. In *Parker* there was a private trust. The personalty and land were willed and devised to the trustee, with specific directions for the management of the property, accumulation of income and accounting to the clerk of Superior Court. The use and benefits of the trust income were given to such members of the beneficiary class as should finish public school and go to college. College expenses were to be paid from the accumulated trust income. There was no division of the fund among members of the class, and the right of a member to any part of the fund was *contingent* upon finishing public school and attending college. The

trust was to continue until the youngest member of the beneficiary class was 28 years of age. At the death of the testator the *possibility* existed that the trust income would not vest in a beneficiary, if at all, within twenty-one years, plus the period of gestation, after some life or lives in being. (See definition of rule against perpetuities in *McPherson v. Bank,* 240 N.C. 1, 15, 81 S.E. 2d 386.) The trust to provide funds for college education was the primary object of testator. The pertinent item of the Parker will uses no language which in any way tends to vest any interest in the corpus or income of the trust in any particular beneficiary or the beneficiaries as a class prior to the final distribution after termination of the trust. It is then provided: "When the child or the youngest one shall arrive at the age of twenty-eight (28), the trustee will convey the land . . . (and personal property) . . . to such child or children, and if any child or children shall in the meantime have died leaving issue surviving, such issue shall stand for, and represent his, her or their parents, and *receive* the share that his, her or their parents *would have received.*" (Parentheses and emphasis added.) So it is clear that it was intended that the roll would not be called until the trust terminated, and the right to receive a share was contingent upon ability to answer roll-call. ". . . (W)hen there is uncertainty as to the person or persons who are to take, the uncertainty to be resolved in a particular way or according to conditions existing at a particular time in the future, the devise is contingent." *Trust Co. v. Schneider,* 235 N.C. 446, 452, 70 S.E. 2d 578; *Scales v. Barringer,* 192 N.C. 94, 133 S.E. 410. Where there is no gift of an estate, or the income therefrom, or other interest therein, distinct from the division which is to be made equally between all the children and, for the first time, upon the termination of the trust, the "when" of the division is of the essence of the donation and is a condition precedent. It marks both the time of vesting and time of enjoyment of the estate. *Carter v. Kempton,* 233 N.C. 1, 6, 62 S.E. 2d 713. See also *Anderson v. Felton, supra.*

In the instant case the court erred in holding that the remainder interest in the real property to the children of testator's daughters was in violation of the rule against perpetuities and therefore void.

This cause is remanded and the judgment below will be modified to conform to this opinion.

Modified and remanded.