Pearson, C. J.
 

 The question presented is too plain to admit of discussion; a legacy given to a class immediately, vests absolutely in the persons composing that class at the death of the testator; for instance, a legacy to the children of A: the children
 
 in esse
 
 at the death of the testator take estates vested absolutely, and there is no ground upon which children who may be born afterwards can be let in.
 

 A legacy given to a class subject to a life-estate, vests in the persons composing that class at the death of the testator; but not absolutely; for it is subject to open, so as to make room for all persons composing the class, not only at the death of the testator, but also at the falling in of the intervening estate. This is put on the ground that the testator’s bounty
 
 *423
 
 should be made to include as many persons who fall under the general description or class as is consistent with public, policy; and the existence of the intervening estate makes it unnecessary to settle absolutely the ownership of the property until that estate falls in. Eor instance, a legacy to A for life, and jhen to her children, or, “ then to be divided among her children,” vests in the children who are
 
 in esse
 
 at the death-of the testator, but it vests subject to open, and make room for any children who may afterwards be born before the falling in of the life-estate, so as to include as many as possisible until it becomes necessary, on the ground of public policy, to fix the ownership absolutely.
 

 ■ In our case, the plaintiff’s intestate was one of the class at the death of the testator, and although the legacy vested, subject to open and let in any persons who might come into existence afterwards and answer the description, yet, there is no ground on which it can be contended that the death of one of the legatees divested her legacy in favor of the surviving legatees. To have this effect, there must be words of exclusion ; e. g. to the children of A, living at the time of her death.
 

 Per Curiam,
 

 There is no error. Judgment affirmed.