AGGIE ALLEN ET ALS. v. J. D. PARKER.

(Filed 12 March, 1924.)

**1. Wills—Descent and Distribution—Statutes—Estates—Remainders—Tenancy by the Curtesy—Vested Interests.**

A devise of land to testator's two daughters for life, and at the death of either or both of them, then said land shall go to the child or children of each, the child or children representing the mother in interest: *Held,* upon the marriage of one of them, and having issue born alive, the issue so born takes by purchase under the will, and is a new propositus for the purpose of descent. Canons of Descent, Rule 12.

**2. Same—Husband and Wife—Tenancy in Common—Survivorship—Jus Accrescendi.**

Upon the death of a minor child who takes an estate in remainder as a new propositus after the death of his mother, under his grandfather's will, without brother or sister or issue of such, the inheritance is cast under Rule 6 of the Canons of Descent before the amendment

of 1915, upon the father, if living, the amendment having the effect of making the father and mother tenants in common, with the right of survivorship. *Semble,* under the amendment the devise of these lands of the wife vests her interest in the husband.

CIVIL ACTION, to determine the title to an interest in real estate, tried on case agreed before *Daniels, J.,* at Fall Term, 1923, of JOHNSTON.

There was judgment for defendant, and plaintiffs excepted and appealed. Judgment signed by consent out of term, 10 November, 1923.

*J. Faison Thomson and S. S. Holt for plaintiffs.*
*G. A. Martin for defendant.*

HOKE, J. It appears that P. T. Massey, the former owner, died in Johnston County on 10 April, 1900, leaving a last will and testament, in which he disposed of one-half of a tract of land known as as the Polly Watson place to his two daughters, Flonnie Massey, later married to defendant, and Aggie Massey, for life, remainder to their children, etc. The facts more directly pertinent to the issue being stated in the case agreed, as follows:

"2. That item 9 of this will is as follows: 'I give and devise to my daughters, Flonnie Massey and Aggie Massey, for and during the term of their natural lives, my one-half interest in the 676 acres of land known as the Polly Watson place, and at the death of either or both of them, then said land shall go to the child or children of each, the child or children representing the mother in interest.'

"3. That the said Flonnie Massey and the defendant, J. D. Parker, were married on 26 April, 1900, and that a son was born of said marriage on 12 December, 1901, and died on 13 December, 1901, without issue; and that no other child was born to Flonnie Massey (Flonnie Parker).

"4. That Flonnie Massey (Flonnie Massey Parker) died on 1 November, 1918, leaving a last will and testament, which was probated and recorded in the office of the clerk of the Superior Court of Johnston County, which, after certain specific devises, which devises do not affect the property described in 'item 9' of the will, made a general devise of all her property to the defendant.

"5. That Aggie Allen is a sister of Flonnie Massey (Flonnie Parker), deceased, and is a daughter of P. T. Massey; that Laura Grantham, Ada Culbreth, Patrick T. Barnes, Henry Barnes, are children of a deceased sister of Flonnie Massey (Flonnie Parker), and are grandchildren of P. T. Massey, deceased; that Joe Barnes, Mary Barnes, and Laura Barnes are great-nieces and nephews of Flonnie Massey (Flonnie Parker), deceased, and are great-grandchildren of P. T. Massey, de-

ceased; that at the time of the death of Flonnie Massey (Flonnie Parker), on 1 November, 1918, the plaintiffs mentioned in this paragraph were the only heirs at law of Flonnie Massey (Flonnie Parker)."

On these facts we are of opinion that the court below has correctly ruled that defendant is the owner of the one-fourth interest in controversy. Upon the birth of a living child of defendant and his former wife, Flonnie (née Massey), such child became seized of a vested remainder in the land, to the extent of one-half of one-half of same, to wit, one-fourth. Taking by purchase under the will of his grandfather, P. T. Massey, this child was thereby constituted a new *propositus,* and, under rule 6 and rule 12, our Canons of Descent, as then written (1st Revisal 1905, chapter 30), having died "without issue capable of inheriting, or brother or sister, or issue of such," the father became sole heir of the interest. Rule 12 provides that "every person in whom a seizin is required by any of the provisions of this chapter shall be deemed to have been seized if he may have had any right, title or interest in the inheritance." And the latter clause of rule 6, as it existed at the time of this descent, was as follows: *"Provided,* that in all cases where the person last seized shall have left no issue capable of inheriting, nor brother, nor sister, nor issue of such, the inheritance shall vest in the father, if living, and if not, then in the mother." The infant child of defendant and his wife, Flonnie, having so died, the father, under this statute, became the owner of this remainder as heir to his child."

Since that time, on 29 January, 1915, rule 6 has been amended so as to carry such an inheritance to the father and mother as tenants in common, if both are living, and if only one of them is living, then to the survivor. Chapter 9, Laws 1915, and now appearing in C. S., ch. 29.

The interest having vested by descent prior to the enactment of this latter statute, the father takes the entire interest; and if it were otherwise, the facts show that Flonnie Parker has devised all of her property to defendant. The decided cases on the subject are in full support of his Honor's ruling. *Early v. Early,* 134 N. C., 269; *Britton v. Miller,* 63 N. C., 270; *Chambers v. Payne,* 59 N. C., 277; *Mason v. White,* 53 N. C., 421; *Sanderlin v. Deford,* 47 N. C., 75; *Vanhook v. Vanhook,* 21 N. C., 589.

In *Latham v. Lumber Co.,* 139 N. C., 9, to which we were cited by plaintiff, the children took but a contingent remainder, dependent upon their being alive at the death of the life tenant, but no such provision appears in the present will; the infant child, as stated, having become seized of a vested interest at his birth.

Affirmed.