NORTH CAROLINA NATIONAL BANK, EXECUTOR OF THE WILL OF
    THOMAS A. NORRIS, JR. v. THOMAS A. NORRIS III, LAURA NOR-
    RIS RAYNOR, LEE M. NORRIS AND EVELYN ANN NORRIS, A
    MINOR

No. 7410SC224

(Filed 3 April 1974)

1. Wills § 41— rule against perpetuities
    Under the rule against perpetuities, no devise or grant of a
    future interest in property is valid unless the title thereto must
    vest, if at all, not later than twenty-one years, plus the period of
    gestation, after some life or lives in being at the time of the creation
    of the interest.

2. Wills § 41— remainder to great-grandchildren — rule against perpetui-
    ties — doctrine of separability
    Attempted devise to testator's great-grandchildren of the re-
    mainder interest in property aftér the termination of successive life
    estates granted to testator's widow, his daughters and his grandchil-
    dren violated the rule against perpetuities and was invalid; such de-
    vise was not saved by the "Doctrine of Separability" since testator
    dealt with one remainder to take effect at one time and did not de-
    vise life estates successively to his children and grandchildren in such
    manner as to constitute separate and distinct devises to different
    classes which take effect at different times upon the respective death
    of each life tenant.

APPEAL by defendant Evelyn Ann Norris, a Minor, by her
Guardian Ad Litem, from *Hobgood, Judge,* November 1973 Ses-
sion of Superior Court held in WAKE County.

Action for a declaratory judgment to determine whether
certain provisions of the last will of B. F. Montague violated the
rule againts perpetuities. The facts are not in dispute and the
case was submitted for decision upon stipulaton that the allega-
tions in the pleadings are true.

B. F. Montague died a resident of Wake County on or about
1 April 1928, leaving a will dated 19 November 1927. At the

time of his death, he left surviving a widow, three daughters who were then 38, 40 and 43 years of age, and one grandchild, Thomas A. Norris, Jr., who was then six years of age; there were no children or grandchildren born subsequent to the death of B. F. Montague. Montague's widow, daughters, and only grandchild have successively deceased. Thomas A. Norris, Jr., the grandchild, died 10 January 1973, leaving surviving four children, who are the defendants herein, and a last will naming plaintiff herein as the Executor.

The pertinent provisions in the will of B. F. Montague are the following:

"FOURTH: I give, devise and bequeath to my three daughters, May M. Allison and Annie M. Hunter and Marjorie M. Norris, all of my estate, below described, during their natural lives and at the death of either of my said daughters, I give, devise and bequeath all of said property to the survivor or survivors alike, and at the death of the last survivor, I give, devise and bequeath all of my estate below described to the child or children of my said daughters for and during the natural life or lives of such child or children (my grandchild or grandchildren) with remainder over to the lawful issue of such grandchild or grandchildren forever. In default of such issue from such grandchild or grandchildren, the remainder shall go to Peace Institute of Raleigh, N. C., absolutely and forever. First of all, however, I give, devise and bequeath to my wife, Bettie L. Montague a life estate in and to all the property below described in this section (Section FOURTH), and at her death, the same shall descend to my said daughters in the manner and form above specified in this section (Section FOURTH)."

There then follows a description of certain tracts of real property in Raleigh, N. C.

If the rule against perpetuities was violated by the foregoing provisions of Montague's will, title to the real property in question would have been vested in his grandchild, Thomas A. Norris, Jr., immediately prior to Norris's death and would now be vested in plaintiff by virtue of Norris's will. If the rule was not violated, title to such property would now be vested in defendants, Montague's great-grandchildren.

The trial court, concluding as a matter of law that the attempted devise of the remainder interest to the testator's great-grandchildren violated the rule against perpetuities, entered judgment that title to the property in question is now vested in plaintiff as Executor under the will of Thomas A. Norris, Jr., subject to the provisions of Norris's will.

From this judgment, the minor defendant, Evelyn Ann Norris, through her guardian ad litem, appealed.

*Lassiter & Walker by James H. Walker for plaintiff appellee.*

*Walton K. Joyner, Guardian Ad Litem, for defendant appellant.*

PARKER, Judge.

[1]  The common-law rule against perpetuities has been long recognized and enforced in this jurisdiction, and its application has the continuing sanction of Article I, Section 34 of our State Constitution. This rule, which is "not one of construction but a positive mandate of law to be obeyed irrespective of the question of intention," *Mercer v. Mercer,* 230 N.C. 101, 52 S.E. 2d 229, has been stated by our Supreme Court as follows:

> "No devise or grant of a future interest in property is valid unless the title thereto must vest, if at all, not later than twenty-one years, plus the period of gestation, after some life or lives in being at the time of the creation of the interest. If there is a possibility such future interest may not vest within the time prescribed, the gift or grant is void." *Clarke v. Clarke,* 253 N.C. 156, 161, 116 S.E. 2d 449, 452.

[2]  The devise which B. F. Montague attempted to make in Item Fourth of his will to his great-grandchildren of the remainder interest after the termination of the successive life estates granted to his widow, his daughters, and his grandchildren, clearly violated the rule. As of the date of the testator's death, which in case of wills is the time at which the validity of the limitation is to be ascertained, the possibility existed, at least insofar as the law views the matter, that one or more children might thereafter be born to one or more of Montague's three surviving daughters. Had this occurred, the life estates which he provided for his grandchildren might well

have extended and postponed vesting of the remainder in his great-grandchildren to a date beyond the time prescribed by the rule. It is the possibility, not the actuality, of such an occurrence which renders the grant void. See: *Parker v. Parker,* 252 N.C. 399, 113 S.E. 2d 899; Annotation, "Remainder to Great-Grand-children," 18 A.L.R. 2d 671. As stated by the author of the last cited Annotation (at p. 673), "it should be noted that a remainder to great-grandchildren whose vesting is not limited upon termination of a secondary life estate in a named grand-child, but upon the death of all the creator's grandchildren as a class, is invalid, since other grandchildren might be born after the creation of the future interests and postpone the vesting of the remainder beyond the permitted period."

Appellant here acknowledges the possibility that a grand-child or grandchildren might have been born after Montague's death with the result that vesting of at least portions of the remainder might have been postponed beyond the period per-mitted by the rule, but seeks to invoke the so-called "Doctrine of Separability" to save the devise to the great-grandchildren in the present case. That doctrine has been stated by the author of the last-cited Annotation as follows:

"While a class gift may not be split and is either good or bad in toto, it has been held that where a creator makes a gift of remainder to his great-grandchildren following life estates successively in his children and grandchildren in such a manner as to constitute separate and distinct devises or bequests to different classes, which take effect at different times, upon the respective death of the life tenants, and the number of classes or shares is definitely fixed within the period of the rule, although not until after the creator's death, the question of remoteness is to be con-sidered with reference to each share separately." Annota-tion, 18 A.L.R. 2d 671, 680.

For further discusson and analysis of the Doctrine of Sep-arability by other authorities, see: "Perpetuities in a Nutshell," 51 Harvard Law Review 638; Simes and Smith, The Law of Future Interests (2d Ed.) Sec. 1267; Tiffany, Real Property (3d Ed. 1970) Sec. 183.

As we read Item Fourth of Montague's will, however, we find the doctrine of separability simply not applicable in the present case. Montague did not devise life estates successively

to his children and grandchildren "in such a manner as to constitute separate and distinct devises or bequests to different classes, *which take effect at different times, upon the respective death of the life tenants.*" (Emphasis added.) Quite to the contrary, he devised all of the property described in Item Fourth of his will, first to his wife for life, then to his three daughters for life and at the death of any of them to the survivors or survivor for life, then, upon the death of the last to survive of his daughters, and still dealing with *all* of his estate, "to the child or children" of his daughters "for and during the natural life or lives of such child or children" (his grandchild or grandchildren), and finally, and still dealing with *one* property interest, "with remainder over to the lawful issue of such grandchild or grandchildren forever." In default of such issue, "the remainder" is devised to Peace Institute. All the way through the testator dealt with only *one* remainder to take effect at *one* time. Though he obviously contemplated the possibility that he might have more than one grandchild, he did not provide any "separate and distinct" devise of separate portions of the remainder interest to the issue of each grandchild to take effect at different times upon the respective death of each grandchild. Nothing in his will indicates any intention that each of his grandchildren should have a separate life estate in a separate share and that each such separate share should vest separately at the death of such grandchild in such grandchild's issue.

The judgment appealed from is

Affirmed.

Judges BRITT and VAUGHN concur.