EDWARD THORNHILL, III, ADMINISTRATOR, C.T.A. OF THE ESTATE OF ALFRED RICHARD RIEGG v. BETTY ELLIOTT RIEGG, SUSAN RIEGG HOYLE, RICHARD ELLIOTT RIEGG AND FIRST UNION NATIONAL BANK AS TRUSTEE AND FORMER EXECUTOR UNDER THE WILL OF ALFRED RICHARD RIEGG

No. 8830SC1256

(Filed 19 September 1989)

1. **Wills § 41— rule against perpetuities—trust provisions—no violation**

The rule against perpetuities was not violated by provisions of a trust which set out the res, appointed a trustee,

created a present income interest in the testator's wife, set forth the powers and obligations of the trustee in regard to distributing the principal of the trust, and set forth the factors to be considered by the trustee in making a discretionary distribution of the trust income and principal.

2. **Wills § 41— rule against perpetuities—construction of descendants—no violation**

A trust provision in which the testator's desire was not clear was construed so that the trust would terminate as to Richard or Susan, the testator's children, if either was alive at his spouse Betty's death if he predeceased her or at his death if she predeceased him; if only one of testator's two children was alive at his wife's death, the trust would divide into two equal shares and terminate as to the living child. The share of the deceased child would remain in trust and be distributed to the "descendants then living of the deceased child," with "descendants" construed to mean "children," so that the great-grandchildren are not reached and the rule against perpetuities is avoided.

3. **Wills § 41— rule against perpetuities—descendants of child deceased—limited to grandchildren**

A provision in a will setting forth the procedure for "descendants of a child deceased" to receive their shares of a trust was construed to refer to the testator's children's children, and not to the testator's great-grandchildren. Although the children will not receive gifts until age twenty-five, there is no rule against perpetuities problem because the gift is vested with only the time of enjoyment postponed.

4. **Wills § 41— rule against perpetuities—descendants of a child deceased—grandchildren**

There was no rule against perpetuities problem in a will provision which enabled a trustee in his discretion to distribute trust principal to "descendants of a child deceased" in order to provide for support and aid "such child" in specific endeavors where the references to the "descendants of a child deceased" and "such child" were construed from the context to mean grandchildren.

5. **Wills § 41— rule against perpetuities—gift to great-grand-children—measuring lives—rule violated**

A trust provision in a will which provided for the great-grandchildren of the testator in case one of the grandchildren died before reaching age twenty-five, the age at which benefits would be received, violated the rule against perpetuities where the record indicated that the testator's children were alive at the testator's death but did not reveal whether there were any grandchildren alive at testator's death. The children were therefore the measuring lives for gifts to the grandchildren and the great-grandchildren.

6. **Wills § 41— rule against perpetuities—residuary clause—no violation**

A provision in a will providing for the residue of a trust to be distributed by intestate succession if circumstances prevented distribution in accordance with the other provisions of the trust did not violate the rule against perpetuities.

7. **Wills § 41— rule against perpetuities—one trust provision void—remainder valid**

A provision in a will providing for distribution of a trust to the testator's great-grandchildren in certain circumstances was void because it violated the rule against perpetuities; the other provisions of the trust created valid interests and the trustee should give effect to those provisions.

APPEAL by defendants from *Hyatt (J. Marlene), Judge*. Judgment entered 6 September 1988 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 16 May 1989.

*Edward Thornhill, III, Administrator C.T.A. of the Will of Alfred Richard Riegg.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Robert H. Haggard and Michelle Rippon, for defendant-appellant First Union National Bank.*

*Riddle, Kelly & Cagle, P.A., by E. Glenn Kelly, for defendant-appellants Betty Elliott Riegg and Richard Elliott Riegg.*

*Alley, Hyler, Killian, Kersten, Davis & Smathers, by Patrick U. Smathers, for defendant-appellee Susan Riegg Hoyle.*

GREENE, Judge.

Administrator brought this declaratory judgment action pursuant to N.C.G.S. Sec. 1-253 *et seq.* (1983) for construction of the trust provisions included in the will of Alfred Richard Riegg. On 6 September 1988, judgment was entered in the Superior Court of Haywood County declaring the trust created under the will to be void *ab initio* because it violated the rule against perpetuities. The trustee and certain named beneficiaries of the trust appeal.

The testator, Alfred Richard Riegg, died in 1981. He left a will which was duly probated in Haywood County, North Carolina. Testator appointed the Northwestern Bank and his wife, Betty Elliott Riegg, as co-executors of his will and appointed the Northwestern Bank as trustee. First Union National Bank, successor in interest to the Northwestern Bank, served as co-executor of the estate and as trustee. First Union National Bank was removed by the court as executor of the estate although it continues to serve as trustee under the will. On 20 January 1986, plaintiff, Edward Thornhill, III, was appointed administrator C.T.A. of the estate. Plaintiff brought this declaratory judgment action on 25 February 1988 requesting the court to construe the language of the will, declare the rights of the beneficiaries, and determine the validity of the trust provisions. The testator's surviving spouse, Betty Elliott Riegg, and two surviving children, Susan Riegg Hoyle and Richard Elliott Riegg, who are all named beneficiaries of the trust were made defendants in this action along with First Union National Bank, the trustee.

---

The issue presented for review is whether the trial court erred in concluding that the provisions of the testamentary trust established in the last will and testament of Alfred Richard Riegg violate the rule against perpetuities.

The rule against perpetuities provides that: "[n]o devise or grant of a future interest in property is valid unless the title thereto must vest in interest, if at all, not later than twenty-one years, plus the period of gestation, after some life or lives in being at the creation of the interest." *Joyner v. Duncan*, 299 N.C. 565, 568, 264 S.E.2d 76, 81 (1980). In the case of a will, the interest is created and the period of time prescribed by the rule begins to run from the date of the testator's death. 2 N. Wiggins, *Wills and Administration of Estates in North Carolina* Sec. 287, at 143

(2d ed. 1983); *Joyner*, 299 N.C. at 569, 264 S.E.2d at 81. The rule does not apply to vested future interests in North Carolina. 2 N. Wiggins, *Wills and Administration of Estates in North Carolina* Sec. 287, at 142. A future interest is vested "when there is either an immediate right of present enjoyment or a present fixed right of future enjoyment." *Joyner*, 299 N.C. at 569, 264 S.E.2d at 82. A future interest is contingent when it is "*either* subject to a condition precedent (in addition to the natural expiration of prior estates), *or* owned by unascertainable persons, *or both.*" *Rawls v. Early*, 94 N.C. App. 677, 381 S.E.2d 166, 168 (1989) (quoting T. Bergin & P. Haskell, *Preface to Estates in Land and Future Interests* at 73 (1984) (emphasis in original)).

The testamentary trust which was declared void *ab initio* by the trial court is set forth in Item IV of the testator's will. Many of the provisions of the trust are unclear and are subject to more than one construction. In such a situation, before the rule against perpetuities violations may be considered, it is the duty of the court to construe the provisions of the will so as to discover and give effect to the testator's intent "if it is not in contravention of some established rule of law or public policy." *Joyner*, 299 N.C. at 576, 264 S.E.2d at 86. The testator's intent is to "be determined by an examination of the will, in its entirety, and in light of all surrounding facts and circumstances known to testator." *Id.* The court should utilize established rules of construction of wills when interpreting ambiguous provisions of wills. *Joyner*, 299 N.C. at 576, 264 S.E.2d at 86; 1 N. Wiggins, *Wills and Administration of Estates in North Carolina* Sec. 133, at 228.

[1] Item IV of the trust contains nine provisions and we address them as follows:

### Paragraph (a)

All of the rest, residue and remainder of my property of every kind and description and wherever located including any lapsed or void devise (but not including any property over which I may have a power of appointment), I devise to THE NORTHWESTERN BANK, as Trustee, upon the uses and trusts hereinafter set out.

There is no rule against perpetuities problem in this paragraph as it sets out the res of the trust and appoints a trustee. *See* 2 N. Wiggins, *Wills and Administration of Estates in North Carolina* Sec. 292, at 151 (the property of a trust is known as "res").

**THORNHILL v. RIEGG**

[95 N.C. App. 532 (1989)]

### Paragraph (b)

The Trustee shall pay over to my wife, BETTY ELLIOTT RIEGG, all of the income from the trust, or use the same for her benefit, in quarterly or more frequent installments, from the time of my death until her death. Any income not paid out or used currently shall be accumulated and added to trust principal.

There is no rule against perpetuities problem with this devise as it creates a vested interest. More specifically, this devise is a present life income interest in the testator's wife. *See* T. Bergin & P. Haskell, *Preface to Estates in Land in Future Interests* at 184.

### Paragraph (c)

The Trustee shall be authorized to distribute such part of the principal of this trust at any time and from time to time in such amounts as the Trustee may deem best in its discretion to provide for the support of my wife.

### Paragraph (d)

In making discretionary distributions of trust income and principal as provided above, the Trustee shall take into consideration any other means of support my wife may have to the knowledge of the Trustee.

My primary desire is that my wife be supported in reasonable comfort during her life rather than that the principal of this trust be preserved until the division of this trust into separate shares, and I wish my Trustee to be guided by this desire in making any such discretionary distributions.

These paragraphs set forth the powers and obligations of the trustee in regard to distributing the principal of the trust. They also set forth the factors to be considered by the trustee in making discretionary distributions of trust income and principal. Paragraph (c) also indicates that the testator's primary intent in creating the trust was that his wife be supported comfortably during her lifetime. Since these paragraphs relate to acts of the trustee during the wife's lifetime, there is no rule against perpetuities violation.

**[2]** ### Paragraph (e)

After the death of my wife, BETTY ELLIOTT RIEGG, or after my death if my wife predeceases me, the Trustee shall

divide the property of this trust into two equal shares for my two children, RICHARD ELLIOTT RIEGG and SUSAN R. GREEN. Should either or both of my said children not be living, the Trustee shall set apart for the descendants of a deceased child of mine *per stirpes* among such descendants then living.

It is unclear from this provision whether the testator's desire was for the trust property to be divided into two separate shares and distributed to his children sometime in the future, or whether testator intended for Susan and Richard, his children, each to take one-half if they are alive at Betty's death if he predeceases her or at his death if she predeceases him. Therefore, we must examine the will in its entirety to ascertain the intent of the testator. *Joyner*, 299 N.C. at 577, 264 S.E.2d at 86. As there is no provision for distribution of the trust property to Richard or Susan at any other point in the trust and because the testator only made provisions for testator's grandchildren in the case Richard or Susan are not alive, we conclude the testator intended for the trust to terminate as to Richard or Susan if either is alive at Betty's death if he predeceases her or at his death if she predeceases him. If only one of testator's two children is alive at his wife's death, we conclude the testator intended for the trust to be divided into two equal shares and that the trust terminate as to the share of the then living child. The share of the deceased child would remain in trust and be distributed to the "descendants" then living of the deceased child in accordance with Paragraphs (f) and (g) of Item IV. We construe the word "descendants" used by the testator in creating the trust to mean "children." *See* 1 N. Wiggins, *Wills and Administration of Estates in North Carolina* Sec. 134, at 240 (if the intent of testator was that the technical word "descendants" be construed to mean children, such intent will be given effect by the court). This construction is based on the context in which the testator uses the words in Paragraphs (e) and (f). In Paragraph (e), the testator uses the words "descendants of a deceased child of mine." Had the testator intended to reach his great-grandchildren he would have more likely used the language "descendants of mine." As this construction of testator's use of the word "descendants" avoids the rule against perpetuities problem in Paragraphs (e) and (f), we adopt it. *See* 1 N. Wiggins, *Wills and Administration of Estates in North Carolina* Sec. 133, at 232 (if will is capable of one legal construction and one illegal construction, it will be presumed the testator intended to comply with the law).

[3]       *Paragraph (f)*

 After the division of the original trust into two separate shares, descendants of a child deceased at my death shall receive their share of the trust when and as they attain the age of twenty-five (25) years.

This paragraph sets forth the procedure for the grandchildren of the testator to receive their shares in case one of his two children is deceased prior to his or his wife's death. Once again he uses language "descendants of a child deceased" which indicates he is only referring to his child's children and not his descendants which would include great-grandchildren. The interests created in the testator's grandchildren are vested because they are "subject to no condition precedent save the determination of the preceding estate." *Wachovia Bank and Trust Co. v. Taylor*, 255 N.C. 122, 127, 120 S.E.2d 588, 592 (1961). Here, the grandchildren's interests vest at the death of the testator or his wife, if the parent of the grandchild is not living at the testator's or his wife's death. Although the children will not actually receive the gifts until they reach age twenty-five, there is no rule against perpetuities problem because the gift is vested with only the time of enjoyment postponed. *Id.*

[4]       *Paragraph (g)*

 The Trustee shall be authorized at any time and from time to time to distribute such part or all of the principal of the trust to descendants of a child deceased in such amounts as it may deem best in its discretion to provide for the support and education of such child. The Trustee shall also be authorized in its discretion to distribute trust principal to enable a child to marry, to purchase a home, or to enter into a trade, profession, business, or for similar purposes. It is my wish that the Trustee shall take into consideration any other means of support such child may have to the knowledge of the Trustee.

This paragraph enables the trustee in his discretion to distribute trust principal to "descendants of a child deceased" in order to provide for support and aid "such child" in specific endeavors. Reference to the "descendants of a child deceased" and "such child" is contained in this paragraph and in Paragraph (h). From the context of its use in Paragraphs (g) and (h), we construe the word "child" to mean his grandchildren, i.e., children of a deceased child of his. *See Joyner*, 299 N.C. at 577, 264 S.E.2d at 86 (testator's

intent is to be determined by examination of the will in its entirety). There is no rule against perpetuities violation.

**[5]** *Paragraph (h)*

> Should any child die after the division of the original trust into separate shares but before such child has become entitled to receive all of the property in his or her trust, then the property in the trust of such child shall be distributed per stirpes among the descendants then living of such child, if any, and if none, shall be added equally to the shares originally set apart for my other children or their descendants and be held and distributed in all respects as if it had originally been a part of such other shares.

This paragraph provides for *great*-grandchildren of the testator in case one of his grandchildren dies before reaching age twenty-five. In such a situation the great-grandchild would also not receive benefits until reaching the age of twenty-five. This provision could therefore violate the rule against perpetuities as the gift to the great-grandchild might not vest until after a period of twenty-one years plus a life in being at the time the interest was created. A life in being at the testator's death is often referred to as the measuring life for the interest in question. *Joyner*, 299 N.C. at 570, 264 S.E.2d at 82. "Frequently the measuring life or lives will be the beneficiary or beneficiaries of an interest in the trust or will that precedes the interest in question." *Id.* The record indicates that Susan and Richard, the testator's children, were alive at testator's death. The record does not reveal whether there were any grandchildren alive at testator's death. As we are bound by the record, we determine that Susan and Richard are the measuring lives for the gifts to the grandchildren and great-grandchildren. *Id.* at 572, 264 S.E.2d at 83.

**[6]** Paragraph (i) of the trust creates no rule against perpetuities problem as it provides for the residue to be distributed by the intestate succession law if circumstances prevent distribution in accordance with the other provisions of the trust.

**[7]** Accordingly, we hold that Paragraph (h) of Item IV of the testator's will is void because it violates the rule against perpetuities. The other provisions of the trust, Paragraphs (a)-(g), and (i) create valid interests, and the trustee should therefore give effect to these provisions in accordance with this opinion so as to carry

TATE v. ACTION MOVING & STORAGE

[95 N.C. App. 541 (1989)]

out the testator's intent. *See* T. Bergin and P. Haskell, *Preface to Estates in Land and Future Interests* at 208-09 (only the invalid provision of a trust is stricken, the trust is not invalid *ab initio*).

Reversed in part, affirmed in part.

Judges JOHNSON and COZORT concur.